

FILED
MAY 12 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY JOE NESPOR,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:19-CV-5072-CBK<br><br><br><br><br>**MEMORANDUM AND ORDER** |

## I. BACKGROUND

Petitioner Jeffrey Nespor ("petitioner") pleaded guilty to Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(A) in 2018, for which he was sentenced to 240 months imprisonment and 10 years of supervised release by United States District Court Judge Jeffrey Viken. See 5:19-CR-50014-JLV-1.[1] In 2019 Mr. Nespor filed a timely motion, pro se, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Doc. 1. Petitioner sets forth two principle arguments, both concerning ineffective assistance of trial counsel in violation of his Sixth Amendment rights under the United States Constitution, as set forth in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. See MEMORANDUM [sic] OF LAW IN SUPPORT OF 28 U.S.C. 2255 MOTION TO CORRECT, VACATE, SET ASIDE, Doc. 2.

First, Nespor argues that his trial counsel, Mr. Paul Eisenbraun, was constitutionally defective for failing to file an appeal contesting his conviction and/or sentence. Vexingly, though, in the correspondence provided to the Court by Eisenbraun, there is no mention of Nespor ever *requesting* an appeal be filed in his suit. Second, Nespor sets forth – in a single sentence void of substance – that trial counsel failed to make "mitigating argument to issues that were [sic] incorrectly applied to [the Pre-

---
[1] References to docket entries in the underlying criminal matter will be referred to as "C.R. Doc."

Sentence Investigation Report, ("PSR")] that were erroneous in nature and utilized in enhancing levels of sentence and opening door for [21 U.S.C. §] 851 enhancement that adversely affected [*sic*] to sentence imposed and denied access to relief." MOTION, Doc. 1 at 7. Petitioner failed to brief this entirely in his memorandum of law. See Doc. 2.

The United States ("respondent") filed its Motion to Dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(h)(3) for improper subject-matter jurisdiction. Doc. 15. Petitioner did not file a responsive brief to the United States' motion.

Because this Court does hold proper subject-matter jurisdiction over this matter, petitioner's second claim should be dismissed for failure to state a claim. However, because binding precedent requires this Court conduct an evidentiary hearing concerning Mr. Nespor's first claim as to trial counsel's purported failure to file an appeal as requested, the United States' motion should be denied in respect to petitioner's first claim for relief.

## II. DISCUSSION

### A. Motion to Dismiss

The United States filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(h)(3). Rule 12(h)(3) mandates dismissals of suit when federal courts do not hold proper subject matter jurisdiction. Federal courts are courts of limited jurisdiction and must be wary of adjudicating claims beyond its purview. Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (internal quotations and alterations omitted).

One such avenue for jurisdiction is via a "federal question." 28 U.S.C. § 1331. Federal question jurisdiction exists where the plaintiff brings forth a "non-frivolous claim of a federal right or remedy is sufficient to invoke federal question jurisdiction." Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 698 (8th Cir. 2019) (internal quotations and

alterations omitted). Here, petitioner Nespor brings forward his timely motion pursuant to 28 U.S.C. § 2255. In so doing, this Court is vested with subject matter jurisdiction over the matter. Accordingly, the proper standard of review is pursuant to Rule 12(b)(6) for failure to state a claim.

The government's motion to dismiss for failure to state a claim is applicable to § 2255 habeas proceedings so long as its procedural commands do not conflict with habeas statutes or the Rules Governing Section 2255 Cases in the United States District Courts. Because it is consistent, the ordinary standard of review for motions under 12(b)(6) is applicable. See Wolfe v. United States, 2021 WL 5095953, at *5 (D.S.D. Sept. 20, 2021) (explaining interplay between Rule 12(b)(6) and motions to vacate under 28 U.S.C. § 2255).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court assumes that all facts in the petitioner's motion to vacate are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Spagna v. Phi Kappa Psi, Inc., — F.4th —, 2022 WL 1009465, at *1 (8th Cir. April 5, 2022). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In deciding a motion to dismiss, courts ordinarily do not consider matters outside the pleadings." Gillick v. Elliott, 1 F.4th 608, 610 n.2 (8th Cir. 2021). However, courts may consider materials "necessarily embraced by the pleadings, including exhibits attached to the complaint and matters of public record." LeMay v. Mays, 18 F.4th 283, 289 (8th Cir. 2021) (internal quotations omitted). Here, this Court can and will consider the docket in Nespor's underlying criminal case, which is "incorporated by reference or integral to [his] claim." 688 F.3d 928, 931 n.3 quoting check for newer. The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Faulk v. City of St. Louis, Missouri, — F.4th —, 2022 WL 1020050, at *2 (8th Cir. April 6, 2022) (*quoting* Iqbal, 556 U.S. at 678). The factual allegations must be enough to raise specificity "above the speculative level." Richardson v. BNSF Ry. Co., 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotations omitted).

3

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Stoebner v. Opportuntiy Fin., LLC, 909 F.3d 219, 225–26 (8th Cir. 2018) (*quoting* Iqbal, 556 U.S. at 678). When assessing the merits of a complaint challenged under Rule 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth." McDonough v. Anoka Cnty., 799 F.3d 931, 945–46 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 679).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause" anchored by no more than conclusory statements Du Bois v. Bd. of Regents of Univ. of Minnesota, 987 F.3d 1199, 1205 (8th Cir. 2021) (*quoting* Iqbal, 556 U.S. at 678). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d 777, 787 (8th Cir. 2015) (internal quotation marks omitted). But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

### B. **Standard of Review for Constitutional Ineffectiveness**

Petitioner brings forth his motion pursuant to 28 U.S.C. § 2255, raising two claims of ineffective assistance of counsel in violation of his Constitutional rights as proscribed in the Sixth Amendment. To succeed, Mr. Nespor must establish that (1) trial counsel's performance was so deficient as to fall below an objective standard of proficiency expected of a reasonably competent attorney, and (2) that trial counsel's deficient performance prejudiced the defendant. Dilang Dat v. United States, 983 f.3d 1045, 1047–48, (8th Cir. 2020). Commonly referred to as a "Strickland claim," because of the United States Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), Nespor cannot be successful unless he can satisfy both prongs i.e., that not only

was Mr. Eisenbraun constitutionally deficient, but that it also prejudiced him in his ability to file an appeal or make certain mitigating arguments during sentencing. Collins v. United States, 28 F.4th 903, 906 (8th Cir. 2022). To have teeth, prejudice cannot simply mean trial counsel was wrong; rather, Nespor "must demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." Theus v. United States, 611 F.3d 441, 447 (8th Cir. 2010) (*citing* Strickland, 466 U.S. at 694).

Petitioner faces a high bar, for "[j]udicial review of counsel's effectiveness is 'highly deferential.'" Johnson v. United States, 278 F.3d 839, 842 (8th Cir. 2002) (*quoting* Strickland, 466 U.S. at 689). The respondent is armed with a "strong presumption that [trial] counsel's performance was reasonable." Thomas v. United States, 737 F.3d 1202, 1207 (8th Cir. 2013). This Court will not conduct arm-chair quarterbacking of Nespor's earlier proceedings; a Strickland claim is not a vehicle to simply conduct "second-guessing [of] trial strategy." Johnson, 278 F.3d at 842 (internal quotation marks omitted). See also Deck v. Jennings, 978 F.3d 578, 583 (8th Cir. 2020) ("We evaluate ineffective assistance of counsel using a freeze frame"). The proper analysis is for courts on collateral review to "make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008) (*quoting* Bell v. Cone, 535 U.S. 685, 698 (2002)).

Mr. Nespor's motion stems from two separate arguments requiring slightly different standards of analysis, as further discussed below. First, the petitioner argues his trial counsel was constitutionally ineffective in failing to file an appeal, which requires a modification of the typical Strickland inquiry. Second, Nespor argues that Mr. Eisenbraun was deficient for both failing to disclose sentencing-related information to him in a timely manner; and for failing to make mitigating arguments to correct allegedly erroneous information in the Probation Office's PSR. Both grounds for relief are addressed in turn.

### C. Whether Counsel Failed to File Appeal Upon Petitioner's Direction

First, Mr. Nespor argues that trial counsel failed to file an appeal of his sentence, as he directed. Mr. Eisenbraun has submitted an affidavit to this Court disputing this assertion. Cite. Because binding precedent is clear that such disputes require an evidentiary hearing, this Court cannot dispose of this matter before further development of the factual record.

The United States Court of Appeals for the Eighth Circuit has held, in no uncertain terms, that where a petitioner and trial counsel submit contradictory assertions of whether counsel was directed to file an appeal and failed to do so, habeas courts cannot simply dispose of such matters on its face, even if counsel's affidavit may be persuasive. In Witthar v. United States, the Court held that "[a]n attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of Strickland because it is professionally unreasonable." 793 f.3d 920, 922 (8th Cir. 2015) (internal quotation marks omitted). This inquiry, then, is more favorable to Nespor than the standard Strickland analysis, because "[n]o showing of prejudice is required in this unique circumstance." Id. See Dressen v. United States, 28 F.4th 924, 928 (8th Cir. 2022) ("In such a case, prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error.") (internal quotation marks omitted).

Here, the parties disagree on whether Nespor requested such an appeal from Eisenbraun. Only if Nespor did in fact request an appeal to be filed can there be an automatic finding of prejudice. United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012). If Nespor never asked for an appeal, then there was no constitutionally defective performance by trial counsel. If petitioner did request an appeal, then Nespor has satisfied his burden. In his briefing, Nespor writes that he did in fact request an appeal of his conviction and/or sentence. Eisenbraun, in turn, has filed an affidavit explaining that he "did not believe that Mr. Nespore ever instructed [him] to file an appeal." AFFIDAVIT OF PAUL EISENBRAUN, Doc. 14 at 1. Mr. Eisenbraun also attached correspondence between Eisenbraun and Nespor where petitioner never raised a request to file an appeal.

6

When faced with "conflicting affidavits [or memoranda] about the existence of such instructions," evidentiary hearings are required to "assess which witness is more credible." Dressen, 28 F.4th at 928. Trial counsel's assertions are "insufficient to support a finding that [Nespor's] allegations cannot be accepted as true. United States v. Sellner, 773 F.3d 927, 930 (8th Cir. 2014).

However, Nespor waived his rights to appeal "all defenses and his right to appeal any non-jurisdictional issues" as a component of his plea agreement with the United States. PLEA AGREEMENT, CR Doc. 43 at 8–9. Can there still be automatic prejudice if whatever appeal Nespor anticipated in allegedly pursuing was waived? Yes. Collateral review is not the venue to assess whether Nespor's appeal would ultimately be meritorious. See Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007) ("The limited perspective of collateral review is not the appropriate vantage point from which to assess whether [petitioner] might have any meritorious issues that can be raised on appeal *in spite of his waiver*.) (emphasis added) (internal quotation marks omitted). "Accordingly, if the evidence shows that a petitioner asked counsel to appeal and counsel refused, the petitioner is entitled to relief, even if [he] has waived that appellate right." Witthar, 793 F.3d at 923 (internal citations omitted).

In the correspondence provided by Mr. Eisenbraun, there is no mention by petitioner for an appeal to be filed. See AFFIDAVIT OF PAUL EISENBRAUN, Doc. 14 at 11–12. Eisenbraun did, though, make clear Nespor's rights to an appeal, the time to file an appeal, explained that counsel would be appointed if he could not afford a lawyer, and advised the lack of appealable issues in this matter. See id. at 3. The pleadings before the Court tilt strongly in favor that Mr. Nespor never requested trial counsel to file an appeal in the correspondence provided to the Court by Eisenbraun. But tilting in favor is not enough when the Court is faced with contradictory briefing and affidavits. To resolve the factual dispute among petitioner and Mr. Eisenbraun, an evidentiary hearing is necessary in this matter to determine whether Nespor ever instructed trial counsel to file an appeal, regardless of its ultimate merits. But this hearing need not tackle those claims brought by Nespor that can readily be disposed of on the briefs.

## D. Whether Counsel Constitutionally Erred in Not Presenting Arguments Concerning 21 U.S.C. § 851 Enhancement

In a single sentence on his initial motion to vacate, Nespor also faults trial counsel for failing to make "mitigating argument to issues that were [sic] incorrectly applied to PSR that were erroneous in nature and utilized in enhancing levels of sentence and opening door for 851 enhancement that adversely affected [sic] to sentence imposed and denied access to relief." Doc. 1 at 7. Petitioner failed to brief this entirely in his memorandum of law. See Doc. 2. Because there was no prejudice to the petitioner, this claim must fall.

Mr. Eisenbraun rightly explains in his affidavit that Nespor received *no ehancements* under his draft PSR. See C.R. Doc. 53. Rather, he instead was determined by the Probation Office to warrant a two-point *decrease* in his Total Offense Level pursuant to the "safety valve" pursuant to U.S.S.G. §5C1.2(b)(17). Id. at 7. Only after the United States' objection, C.R. Doc. 54, did the Probation Officer amend the PSR to remove the safety valve reduction and incorporate a four-point enhancement for being an organizer of the drug conspiracy for which he pled guilty. See C.R. Doc. 55 at 7; U.S.S.G. §3B1.1(a). As explained in the final PSR:

> [Mr. Nespor] organized the trips to Colorado, the drug transactions with his suppliers and sellers, repackaged the large-pounds of drugs to smaller amounts to coordinate the sales to the buyers and street sellers. He also shared a larger portion of the profits, controlled the supply line, and had decision-making authority over the conspiracy. Additionally, as being organizer and part of the conspiracy from the beginning he had vast knowledge into the scope of the conspiracy.

C.R. Doc. 55 at 7. Faced with overwhelming indicia of the criminal enterprise that petitioner helped orchestrate, neither Mr. Eisenbraun nor any other lawyer could have successfully rebutted the four-point enhancement for Nespor's role in the conspiracy.

Additionally, if Nespor means to attack the procedure to apply the sentencing enhancement found in 21 U.S.C. § 851, he likewise fails to show any prejudice. Pursuant to its statutory commands, the United States filed an information identifying the

8

petitioner's 1997 qualifying felony conviction[2] for Distribution of a Schedule II Controlled Substance before the United States District Court for the District of South Dakota. See C.R. Doc. 27. See also United States v. Curiale, 390 F.3d 1075, 1076–77 (8th Cir. 2004) (explaining procedural requirements of § 851). Further, in his factual basis statement, the petitioner acknowledged his previous qualifying felony conviction for which he pleaded guilty before this Court. See C.R. Doc. 44. On July 27, 2018, United States Magistrate Judge Daneta Wollman reviewed the factual basis statement with the petitioner. C.R. Doc. 47. There, the Court found that Nespor competently entered into a guilty plea related to the factual basis statement that explicitly acknowledges the prior felony drug conviction. Id. Accordingly, Judge Wollman filed her Report and Recommendation advising United States District Court Judge Jeffrey Viken to accept Nespor's guilty plea. C.R. Doc. 49. In the Report and Recommendation, Judge Wollman explained how the petitioner pleaded guilty to the conspiracy charge, that he would not challenge the Information and its explanation of § 851's applicability and found that Nespor was "fully competent and capable of entering an informed plea, [and] that the defendant is aware of the nature of the charges and the consequences of the plea." Id. at 2. Judge Viken accepted Judge Wollman's Report & Recommendation in full. C.R. Doc. 50.

  The petitioner "had reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard." Curiale, 390 F.3d at 1076. There was nothing to be done challenging § 851's enhancement applicability or adherence to procedure in this matter. No reasonable mind can argue petitioner did not have sufficient notice of the § 851 enhancement in this matter, or that it could be challenged with any change in its applicability. Further, no substantive argument can claim that Nespor was prejudiced for supposed sentencing information not provided to him in a timely manner; he fails to explain even in the barest of assertions how he was prejudiced or what information was withheld. Mr. Nespor fails to find even clerical

---

[2] See United States v. Nespor, 4:96-CR-40116-LLP (D.S.D.).

errors in the United States' process. But see Espinoza v. United States, 745 F.3d 943 945–46 (8th Cir. 2014) (holding clerical mistakes on their own still do not take away § 851's applicability as long as defendant had proper notice). Without any difference in outcome, there can be no prejudice. See Fast Horse v. Class, 87 F.3d 1026, 1028 (8th Cir. 1996) ("When 'it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, [that] course should be followed.'") (quoting Strickland, 466 U.S. at 697). Accordingly, this ground for relief should be dismissed.

### III. CONCLUSION

This Court is faced with "conflicting [memoranda] about the existence of" whether Petitioner Nespor requested trial counsel Eisenbraun to file an appeal in his underlying criminal matter. Dressen v. United States, 28 F.4th 924, 928 (8th Cir. 2022). Accordingly, this Court must "assess which witness is more credible," which may only be accomplished through an evidentiary hearing. Id. However, because Nespor's second claim for relief fails concerning mitigating arguments because of no conceivable prejudice, the United States' motion should be granted on petitioner's second ground for relief.

IT IS HEREBY ORDERED that the United States' motion to dismiss, Doc. 15, is granted in part and denied in part.

IT IS FURTHER ORDERED that the United States' motion to dismiss Jeffrey Nespor's motion to vacate his conviction and/or sentence for failure of counsel to provide mitigating arguments at sentencing, Doc 15, is granted.

IT IS FURTHER ORDERED that Jeffrey Nespor's motion to vacate his conviction and/or sentence for failure of counsel to provide mitigating arguments at sentencing, Doc. 1, is denied.

IT IS FURTHER ORDERED that the United States' motion to dismiss Jeffrey Nespor's motion to vacate his conviction and/or sentence for failure of trial counsel to file an appeal, Doc. 15, is denied

IT IS FURTHER ORDERED that Jeffrey Nespor's motion to vacate his conviction and/or sentence for failure of trial counsel to file an appeal, Doc. 1, requires an evidentiary hearing to further develop the factual record.

IT IS FURTHER ORDERED that an evidentiary hearing be conducted by United States Magistrate Judge Moreno to make factual determinations concerning whether Jeffrey Nespor directed trial counsel Paul Eisenbraun to file an appeal in his underlying criminal matter, 5:18-CR-50014-JLV-1. The United States Magistrate Judge shall file a Report and Recommendation with this Court providing his findings.

DATED this 5th day of May, 2022

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge